UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NAZIR KHALJI,

    Plaintiff,

    v.

GARETH DAVIES,

    Defendant.

Case No. 14-cv-00568-WHO

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Re: Dkt. No. 52

Defendant Gareth Davies moves to quash the returns of service of summons pursuant to Federal Rule of Civil Procedure 12(b)(5) and to dismiss the plaintiff's First Amended Complaint ("FAC") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Because Davies has no contacts with the state of California, and because plaintiff Khalji does not contest the assertion that this Court lacks personal jurisdiction over Davies, I GRANT Davies's motion to dismiss.

## BACKGROUND

Plaintiff brings an action against Davies for defamation, intentional infliction of emotional distress, false imprisonment, assault, and trespass to property. FAC at 13-16 (Dkt. No. 49). The injuries at issue arose out of events that occurred in Kabul, Afghanistan in February of 2013. *Id.* at 1. Davies, a Canadian citizen and resident, works for Deloitte Consulting LLP ("Deloitte") as a Director and does not have any ownership interest in the company. Davies Decl. ¶¶ 1, 5 (Dkt. No. 52-4). Davies "always" works abroad, although he is administratively assigned to one of Deloitte's offices in Arlington, Virginia. Davies Decl. ¶ 6; Zamani Decl. ¶ 3 (Dkt. No. 52-3). He contends that "he does not have an office [in Arlington], and he does not have a visa, green card, or other authorization that would permit him to work in the United States." Zamani Decl. ¶ 3.

Plaintiff Nazir Khalji is a California resident. Oppo. at 2 (Dkt. No. 53). He does not

dispute that the cause of action against Davies arose entirely in Afghanistan. *Id.* at 2-3. Khalji attempted to serve Davies at the Arlington office on May 30, 2014 and on July 9, 2014. *Id.* at 3-4. Davies argues that this service is insufficient and that this Court lacks personal jurisdiction. Mot. at 1 (Dkt. No. 52-2).

## LEGAL STANDARD

"For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Boschetto v. Hansing*, 539 F.3d 1011, 1015-16 (9th Cir. 2008) (internal quotations and citations omitted). A court may exercise general or specific jurisdiction. *Id.* at 1016.

General jurisdiction exists when a defendant engages in "continuous and systematic general business contacts" with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). In determining whether specific jurisdiction exists, courts employ a three-factor test:

(i) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
(ii) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
(iii) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Boschetto*, 539 F.3d at 1016 (internal quotations and citations omitted). The plaintiff bears the burden of establishing that personal jurisdiction is proper when a defendant moves to dismiss for lack of personal jurisdiction. *Id.* at 1015.

## DISCUSSION

Davies contends that he "has no contacts with California whatsoever; he neither owns or rents property [in California], and does no business [in California]." Mot. at 9. Khalji has not proffered any evidence to the contrary, and does not contest Davies's assertion that there is no personal jurisdiction. *See* Oppo. at 1-8. Looking to the undisputed facts, it is apparent that there

is no basis for personal jurisdiction, either general or specific. The claim does not relate to California. Davies was not personally served in California, and Davies has no business in or personal contacts with California.

Accordingly, I must DISMISS the FAC. A dismissal for lack of personal jurisdiction is not on the merits and is without prejudice to the plaintiff seeking relief in another forum in which Davies is subject to personal jurisdiction. *See* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* ¶ 9:128.5 (The Rutter Group 2014); *Fiorani v. Berenzweig*, 441 Fed. Appx. 540, 541 (9th Cir. 2011) ("dismissals for failure to effect service and for lack of personal jurisdiction must be without prejudice").[1]

## CONCLUSION

For the above reasons, I GRANT defendant's motion to dismiss for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated: November 24, 2014

WILLIAM H. ORRICK
United States District Judge

---

[1] Because it also does not appear that Davies was properly served, I decline to transfer this case to a more appropriate jurisdiction.